# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:17CR00020-003 |
| v. | **OPINION** |
| **AMY HOYT,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Amy Hoyt, Pro Se Defendant.*

The defendant, Amy Hoyt, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has not responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

The defendant pled guilty to Counts One and Two of the Indictment on November 27, 2017, pursuant to a plea agreement. Count One charged the defendant with conspiring to possess with the intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Count Two charged the defendant with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Hoyt was sentenced by this court on March 6, 2018, to a total term of 228 months imprisonment.

In her § 2255 motion, the defendant contends that her counsel was ineffective in several ways. In Ground One, she asserts that her counsel was ineffective because he pressured her to sign her plea agreement to avoid a longer sentence. In Ground Two, she claims her counsel was ineffective for failing to file a motion for downward departure due to her "voluntary disclosure of the offense. Thus, making a dramatic difference in the sentence." 2255 Mot. 5, ECF No. 701. In Ground Three, Hoyt asserts that her counsel was ineffective for not challenging the constitutionality of § 924(c)(1)(A) and the alleged vagueness of the "in furtherance of" and "possession" language in the statute. In Ground Four, she argues that her counsel was ineffective because "Counsel did not object to the search [of her car] being illegal and without probable cause, violating the 4th Amendment." *Id.* at 8.

To state a viable § 2255 claim for relief, a defendant must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In considering a § 2255 motion, I must view the facts presented in the pleadings, evidence, and record in the light most favorable to the petitioner. *United*

*States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). However, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)[1] (holding that an evidentiary hearing is not necessary when the movant's allegations, viewed against the record of the plea hearing, are clearly incorrect). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation" by the Court. *United States v. Dyess*, 730 F3d 354, 359–60 (4th Cir. 2013).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong

---

[1] I have omitted internal quotation marks, alterations, and citations throughout this opinion, unless otherwise noted.

of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

A defendant who has pled guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that she would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the guilty plea context, a petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010).

In Ground One of Hoyt's 2255 Motion, she asserts that her counsel erroneously advised her during plea negotiations, pressured her to sign a plea agreement that she did not actually benefit from, that her plea was involuntary, and that she would have proceeded to trial if she had known that she would have received a sentence of 228 months imprisonment. These arguments are all undermined by Hoyt's statements under oath during her guilty plea colloquy. At the beginning of the hearing, I asked Hoyt whether she was satisfied with her counsel's advice and she answered in the affirmative. I also asked her, "Has anyone threatened you or

attempted in any way to force you to plead guilty in this case?" Tr. 19, ECF No. 715. She replied, "No, sir." *Id.* at 20.

The prosecutor also advised her on the record, and she acknowledged, that Count One had a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment, while Count Two carried a mandatory minimum sentence of five years imprisonment and a maximum sentence of life imprisonment that would have to run consecutive to Count One. I also advised her that the sentencing guidelines range of imprisonment would not be determined until later and that I had the authority to impose a sentence that was more or less severe than the guidelines range. Hoyt indicated her understanding of this advice.

In the plea agreement, the government agreed to recommend a sentence within the Guidelines range. The government also agreed to recommend a reduction for acceptance of responsibility. Additionally, in the Presentence Investigation Report, the probation officer noted that had she not stipulated to the agreed drug weight of 1.5 kilograms, Hoyt could have been held responsible for a greater quantity due to relevant conduct — as much as 4.5 kilograms. Contrary to her assertion, Hoyt did benefit from her plea agreement. With respect to her contention that her counsel was ineffective in pressuring her to enter into her plea agreement, Hoyt has failed to demonstrate either of the elements required by *Strickland*. Accordingly, I will grant the Government's Motion to Dismiss as to Ground One.

In Ground Two, Hoyt faults her attorney for failing to argue for a downward departure for voluntary disclosure of her offense, pursuant to U.S.S.G. §5K2.16. The government is correct that Hoyt was not eligible for such a departure, because law enforcement had notice of her criminal activity before she admitted her involvement, based on witness interviews and an encounter with the defendant one month before she "volunteered" her criminal activity. As such, the defendant cannot show she would have qualified for such a departure or any prejudice from her counsel's failure to file such a motion for a downward departure. Hoyt therefore has not shown, and cannot show, prejudice as required by *Strickland*. I will, therefore, grant the government's Motion to Dismiss as to Ground Two.

Hoyt's third ineffective assistance of counsel claim is based on the failure to challenge the constitutionality of 18 U.S.C. § 924(c)(1)(A). Specifically, she argues that her counsel was ineffective in failing to challenge the "in furtherance of" language as unconstitutionally vague and overbroad. Yet this argument has been specifically rejected by other courts, albeit not the Fourth Circuit. *See, e.g.*, *United States v. Eller*, 670 F.3d 762, 764 (7th Cir.), *cert. denied*, *Eller v. United States*, 566 U.S. 1035 (2012); *United States v. Helton*, 86 F. App'x 889, 891 (6th Cir. 2004) (unpublished). The defendant cites to no relevant legal authority in support of her argument, and instead references *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, these two cases

addressed the "crime of violence" clause in 18 U.S.C. §§ 16(b) and 924(e), rather than the "in furtherance of" language in 18 U.S.C. § 924(c). Finally, I explained to Hoyt during her guilty plea that "[m]ere possession of a firearm is not sufficient." Tr. 25, ECF No. 715. I further explained the definitions of both "possession" and "in furtherance of," and the government's burden of proof. Hoyt confirmed that she understood. Again, Hoyt has failed to show that her counsel committed any unprofessional error or that she was prejudiced by any such error, as required by *Strickland*.

Finally, in Ground Four of her § 2255 motion, Hoyt contends that her counsel was ineffective because he did not file a motion to suppress her traffic stop and the purported warrantless search of her car. Specifically, the defendant contends that her lawyer refused to file a suppression motion even though she believes that law enforcement did not have probable cause for the traffic stop. Hoyt claims that she was pulled over due to a windshield wiper coming loose and that the stop went beyond traffic-related reasons because it lasted for nearly an hour. This final ground relies almost exclusively on legal conclusions without sufficient factual allegations to determine whether there is a colorable claim. *See Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970) (holding that the court has discretion to deny a § 2255 motion without a hearing where the petition states only "legal conclusions with no supporting factual allegations"). Hoyt has failed to show that her counsel committed

any unprofessional error or that she was prejudiced by any such error, as required by *Strickland*.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

    ENTER: January 8, 2020

    /s/ JAMES P. JONES
    United States District Judge